**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| HEATHER HOGROBROOKS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02159-SHL-tmp |
| WELLS FARGO BANK, N.A., U.S. BANK | ) | |
| NATIONAL ASSOCIATION, WILSON & | ) | |
| ASSOCIATES, P.L.L.C., and LOGS LEGAL | ) | |
| GROUP LLP, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING WELLS
FARGO BANK, N.A. AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO
ENFORCE PRE-FILING RESTRICTIONS**

Before the Court is Chief United States Magistrate Judge Tu M. Pham's Report and

Recommendation ("R&R"), filed May 28, 2026, recommending that Defendants Wells Fargo

Bank, N.A., and U.S. Bank National Association's (collectively, "Defendants") Motion to

Enforce Pre-Filing Restrictions be denied.  (ECF No. 32.)  Neither Defendants nor Plaintiff

Heather Harris filed objections to the R&R, and their time to do so has expired.

On May 9, 2025, United States District Judge John T.  Fowlkes, Jr. found Harris to be a

vexatious litigant, after she had filed a third lawsuit alleging claims that had already been

decided on the merits previously.  See Harris v. Wells Fargo Bank, N.A., No. 25-cv-02157, ECF

No. 14 (May 9, 2025).  The Court imposed a prefiling restriction, restricting Harris from filing

new actions in the Western District of Tennessee without prior review.  Specifically, that

restriction stated:

> Harris is barred from bringing new actions in this district without a certification from a magistrate judge from this district or an attorney who is a member of this district's bar that the claims asserted therein are not frivolous, and that the case is not brought for an improper purpose. Certification from a magistrate judge shall be accomplished by submitting a document titled "Motion for Magistrate Judge Certification Consistent with the Court's May 8, 2025 Order in Case No. 25-2157" and a proposed complaint to the Clerk's Office.

Id. at PageID 208.

Harris originally filed this action in state court—the Circuit Court of Tennessee's Thirtieth Judicial District—on January 15, 2026, which the Defendants then removed to this Court pursuant to 28 U.S.C. § 1441. Generally, Harris asserts claims based on a mortgage on a property at 579 Byron Drive in Memphis, Tennessee. She seeks to quiet title in her favor and alleges that Defendants acted wrongfully regarding foreclosure and infringed on her ownership interests. (ECF No. 1-1.) Now, Defendants seek an order enforcing Harris' prefiling restrictions by either requiring her to obtain certification or dismissing this action. (ECF No. 8 at PageID 45.)

The R&R concludes that, despite the prefiling restriction previously entered against Harris in Harris v. Wells Fargo Bank, Defendants' motion should be denied because this action was originally filed by Harris in state court. (ECF No. 32.) Specifically, the R&R concludes that the prefiling restriction, by its terms, does not apply here. (Id. at PageID 164 ("Harris is barred from bringing new actions in this district." (quoting Harris, No. 25-cv-02157, ECF No. 14)).)

A magistrate judge may submit to a judge of the Court proposed findings of fact and recommendations for the disposition of dispositive motions. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P.

72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

While some courts have held that prefiling restrictions can be enforced even in cases of removal, those decisions "do not cite specific statutory or caselaw authority (except for each other) for the authority to impose such pre-filing requirements after removal."  Jordan v. Carter, 719 F. Supp. 3d 775, 784 n.8 (S.D. Ohio 2024).  Rather, those decisions "cite the practical concern that, were the pre-filing requirements not to apply to removed cases, a vexatious litigant could simply file in state court 'to circumvent' the court's sanctions order."  Id. (quoting Whitehead v. Twentieth Century Fox Film Corp., No. 05-1462, 2005 U.S. Dist. LEXIS 18893, at *4 (D.D.C. Aug. 29, 2005)).  However, those decisions do not address the concept that, after removal, a federal court "takes the case up where the State court left it off," and treats the case as properly docketed if the state court already did so.  Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 436 (1974) (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880)); see also Jordan, 719 F. Supp. 3d at 784 n.8 ("[These decisions] fail to show how a court's inherent judicial authority suffices to substantiate the imposition of what amount to pre-filing requirements on a case after removal, given that the state court has already accepted the cause for docketing").

Here, this Court reaches the same conclusion as the Jordan court, that a prefiling restriction prohibiting new actions should not apply to a removed case.  By filing her action in state court, where she apparently faces no prefiling restrictions, Harris has not violated this Court's restrictions.  Indeed, where the original complaint was filed in state court, "[t]he proper forum to obtain relief against a vexatious litigant who is abusing the judicial process by filing

3

harassing litigation in <u>state</u> court is <u>in</u> <u>that</u> <u>state</u> <u>court</u>." <u>Jordan</u>, 719 F. Supp. 3d at *785.

Accordingly, this Court accepts the R&R's recommendation and declines to enforce the prefiling

restrictions on Harris here.

Because no Party objected to the R&R, the Court reviews the R&R in its entirety for

clear error and discerns none. The R&R properly identifies that Harris initiated this case in state

court, and, thus, is not subject to prefiling restrictions after Defendants' removal. Therefore, the

Court **ADOPTS** the R&R, and **DENIES** the Motion to Enforce Pre-Filing Restrictions.

**IT IS SO ORDERED,** this 29th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4